UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EURAL BLACK, | ) | |
| | ) | Case No. 21CV5434 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Virgina M. Kendall |
| | ) | |
| BRANDON SMITH, Individually and as | ) | |
| Agent of the City of Chicago, Dennis | ) | |
| Huberts, Jr., Individually and as Agent of | ) | |
| The City of Chicago, and the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Officers Dennis Huberts, Jr. and Brandon Smith ("Defendant Officers") by and through their attorney, Michele McGee, Assistant Corporation Counsel III and Defendant City of Chicago, by and through Celia Meza, Corporation Counsel, (collectively "Defendants") submit their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand as follows:

**THE PARTIES**

1. That at all times relevant, Plaintiff Eural Black was a citizen of the State of Illinois and a resident of the City of Chicago, County of Cook. Additionally, at all times relevant, Plaintiff Black possessed a valid Firearm Owner's Identification Card.

**ANSWER: Defendants admit that Plaintiff was born in Illinois and lived in Chicago, admit that Plaintiff possessed a valid Firearm Owner's Identification Card, and lack knowledge of Plaintiff's citizenship.**

2. That at all times relevant, Defendant. Brandon Smith was a Police Officer employed by the City of Chicago, Star # 16812, and was acting as an actual and/or apparent agent of the Defendant City of Chicago.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing.**

3. That at all times relevant, Defendant Dennis Huberts Jr. was a Police Officer employed by the City of Chicago, Star # 9883, and was acting as an actual and/or apparent agent of the Defendant City of Chicago.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing.**

4. That at all times relevant, the Defendant City of Chicago is and was a Municipal Corporation located within the State of Illinois and County of Cook. The City of Chicago is and was the employer and principal of the City of Chicago Police Officer defendants.

**ANSWER: Defendants admit the allegations of this paragraph.**

### FACTS COMMON TO ALL COUNTS

5. That on or about the 27th day of May, 2020, at approximately 11:30 PM, Plaintiff Eural Black was lawfully present upon the premises of a gas station located at 9851 S. Halsted Street within the City of Chicago, County of Cook, State of Illinois.

**ANSWER: Defendants admit that Plaintiff was present at a gas station located at 9811 S. Halsted at 23:27 hours on May 27, 2020 and lack knowledge as to the remainder.**

6. That at the aforementioned date and time, Plaintiff Eural Black was cleaning out his motor vehicle, including discarding trash and organizing items inside of his motor vehicle.

**ANSWER: Defendants lack knowledge as to the allegations in this paragraph.**

7. That at the aforementioned date and time, Defendants Brandon Smith and Dennis Huberts Jr. suddenly and without warning approached Plaintiff Eural Black and Plaintiff's motor vehicle.

**ANSWER: Defendants deny the allegations of this paragraph.**

8. That after approaching Plaintiff and Plaintiff's motor vehicle, Defendants Smith and Huberts immediately and without reasonable suspicion or probable cause placed Plaintiff Black in handcuffs. At no time did Defendants inform Plaintiff as to why he was being placed in handcuffs, and Plaintiff did not willingly and freely consent to this detention.

**ANSWER: Defendants deny the allegations of this paragraph.**

9. That after approaching Plaintiff and Plaintiff's vehicle, Defendants Smith and Huberts immediately began a physical search of Plaintiff's vehicle. Plaintiff did not willingly and freely consent to the search of his vehicle. Again, at no time did Defendants inform Plaintiff as to why his vehicle was being searched, and the Defendants did not have reasonable suspicion or probable cause to search.

**ANSWER: Defendants deny the allegations of this paragraph.**

10. That during the course of the search of Plaintiff's vehicle, Defendant Smith and/or Huberts unzipped and opened a backpack within Plaintiff's vehicle. Defendants thereafter conducted a search of this backpack. Plaintiff did not willingly and freely consent to the opening of or the search of this backpack. Again, at no time did Defendants inform Plaintiff as to why his

backpack was being searched, and the Defendants did not have reasonable suspicion or probable cause to search.

**ANSWER: Defendants deny the allegations of this paragraph.**

11. That during the nonconsensual and unconstitutional search of Plaintiff's motor vehicle and backpack, Defendant Smith and/or Huberts uncovered a Smith &Wesson 9 mm firearm, which was previously zipped inside of the aforementioned backpack and not in the Defendants' plain sight.

**ANSWER: Defendants admit that Defendant Smith located a Smith & Wesson firearm inside of Plaintiff's backpack, but deny the remainder.**

12. That after uncovering the aforementioned firearm, Plaintiff was transported to the police station, in handcuffs, along with several other detainees and/or arrestees.

**ANSWER: Defendants admit that Plaintiff was transported to the Police station handcuffed consistent with police procedures but deny the remainder based on information and belief.**

13. That Plaintiff was thereafter charged with unlawful use of a weapon, a misdemeanor, based upon the reports and statements of Defendants Smith and/or Huberts.

**ANSWER: Defendants admit the allegations of this paragraph but deny any wrongdoing.**

14. That Plaintiff spent approximately 25 hours in police custody prior to being released on bail.

**ANSWER: Defendants deny the allegations of this paragraph.**

15. That Plaintiff's criminal charge was resolved in a manner indicative of Plaintiff's innocence without a guilty plea, finding of guilty, or a jury trial.

**ANSWER: Defendants deny the allegations of this paragraph.**

### Count I —Plaintiff V. Brandon Smith —*State Count False Arrest*

16. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Smith restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

17. Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, falsely arrested Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

18. This false arrest began from the moment that Plaintiff was placed in handcuffs, prior to the commencement of any search of his vehicle.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

19. Alternatively, this false arrest began at the moment that Plaintiff was placed in a police vehicle to be transported to the Chicago Police Department.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

20. As a result of the wrongful acts of the defendants in falsely arresting Plaintiff Black, he suffered severe injuries and damages, physical and mental.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

**Count II — Plaintiff v. Brandon Smith —*State Count False Imprisonment***

21. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Smith restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City incorporate their prior answers.**

22. Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, falsely imprisoned Plaintiff without reasonable or probable cause.

4

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

23. This false imprisonment began from the moment that Plaintiff was placed in handcuffs, prior to the commencement of any search of his vehicle.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

24. Alternatively, this false imprisonment began at the moment that Plaintiff was placed in a police vehicle to be transported to the Chicago Police Department.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

25. These false imprisonments lasted until Plaintiffs release from custody approximately 25 hours later.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

26. As a result of the wrongful acts of the defendants in falsely imprisoning Plaintiff Black, he suffered severe injuries and damages, physical and mental.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

### Count III —Plaintiff v. Brandon Smith —*State Count Malicious Prosecution*

27. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count III of Plaintiff's Complaint. ECF 15.**

28. Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, initiated and/or continued prosecution of unlawful use of a weapon against Mr. Black, all without probable cause.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count III of Plaintiff's Complaint. ECF 15.**

29. This prosecution began on May 28, 2020 and continued through February 1l, 2021, when the charge was stricken off the call.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count III of Plaintiff's Complaint. ECF 15.**

30. As a result of the wrongful acts of the defendants in falsely imprisoning Plaintiff Black, he suffered severe injuries and damages, physical and mental.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count III of Plaintiff's Complaint. ECF 15.**

### Count IV -Plaintiff v. Dennis Huberts Jr. —*State Count False Arrest*

31. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Huberts restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Smith and City incorporate their prior answers to paragraphs 1 through 15.**

32. Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, falsely arrested Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph**

33. This false arrest began from the moment that Plaintiff was placed in handcuffs, prior to the commencement of any search of his vehicle.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph**

34. Alternatively, this false arrest began at the moment that Plaintiff was placed in a police vehicle to be transported to the Chicago Police Department.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

35. As a result of the wrongful acts of the defendants in falsely arresting Plaintiff Black, he suffered severe injuries and damages, physical and mental.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

### Count V —Plaintiff v. Dennis Huberts Jr. —*State Count False Imprisonment*

36. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Huberts restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

37. Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, falsely imprisoned Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

38. This false imprisonment began from the moment that Plaintiff was placed in handcuffs, prior to the commencement of any search of his vehicle.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

39. Alternatively, this false imprisonment began at the moment that Plaintiff was placed in a police vehicle to be transported to the Chicago Police Department.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

40. These false imprisonments lasted until Plaintiff's release from custody approximately 25 hours later.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

41. As a result of the wrongful acts of the defendants in falsely imprisoning Plaintiff Black, he suffered severe injuries and damages, physical and mental.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

**COUNT VI —Plaintiff v. Dennis Huberts Jr. —*State Count Malicious Prosecution***

42. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count VI of Plaintiff's Complaint. ECF 15.**

43. Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, initiated and/or continued prosecution of unlawful use of a weapon against Mr. Black, all without probable cause.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count VI of Plaintiff's Complaint. ECF 15.**

44. This prosecution began on May 28, 2020 and continued through February 11, 2021, when the charge was stricken off the call.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count VI of Plaintiff's Complaint. ECF 15.**

45. As a result of the wrongful acts of the defendants in falsely imprisoning Plaintiff Black, he suffered severe injuries and damages, physical and mental.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count VI of Plaintiff's Complaint. ECF 15.**

### Count VIII —Plaintiff v. City of Chicago — *Respondeat Superior*

46. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Forty-Five (45) as though fully pled herein.

**ANSWER: Defendant City restates and incorporates its answers to paragraphs 1 through 15 as its answer to this paragraph. Defendants Huberts and Smith make no answer to this paragraph as it is not directed at them.**

47. Throughout the course of Plaintiff's false arrest, false imprisonment, and malicious prosecution, Defendants Brandon Smith and Dennis Huberts Jr. were acting within the scope of their employment with the City of Chicago.

**ANSWER: Defendant City admits that Defendants Smith and Hubert were acting within the scope of their employment but deny wrongdoing and deny the remainder of this paragraph. Defendants Huberts and Smith make no answer to this paragraph as it is not directed at them.**

48. Throughout the course of Plaintiffs false arrest, false imprisonment, and malicious prosecution, Defendants Brandon Smith and Dennis Huberts Jr. were acting under the color of law as City of Chicago Police Officers.

**ANSWER: Defendant City admits that Defendants Smith and Hubert were acting under color of law but deny wrongdoing and deny the remainder of this paragraph. Defendants Huberts and Smith make no answer to this paragraph as it is not directed at them.**

### COUNT IX —Plaintiff v. Brandon Smith — 42 USC § 1983 —*False Arrest*

49. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Smith restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Huberts and City incorporate their prior answers to paragraphs 1 through 15.**

50. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, falsely arrested Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

51. This false and unconstitutional arrest was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

52. As a result of this violation of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages, both physical and emotional.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

### COUNT X —Plaintiff v. Brandon Smith — 42 USC § 1983 —*False Imprisonment*

53. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Smith restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Huberts and City incorporate their prior answers to paragraphs 1 through 15.**

54. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, falsely imprisoned Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

55. This false and unconstitutional imprisonment was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

56. As a result of this violation of Plaintiffs constitutional rights, Plaintiff suffered injuries and damages, both physical and emotional.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

**COUNT XI —Plaintiff v. Brandon Smith — 42 USC § 1983 —*Malicious Prosecution***

57. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XI of Plaintiff's Complaint. ECF 15.**

58. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, maliciously prosecuted Plaintiff without reasonable or probable cause.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XI of Plaintiff's Complaint. ECF 15.**

59. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, initiated criminal charges and/or continued prosecution of these charges without reasonable or probable cause.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XI of Plaintiff's Complaint. ECF 15.**

60. This false and unconstitutional malicious prosecution was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XI of Plaintiff's Complaint. ECF 15.**

61. As a result of this violation of Plaintiffs constitutional rights, Plaintiff suffered injuries and damages, both physical and emotional.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XI of Plaintiff's Complaint. ECF 15.**

### COUNT XIl —Plaintiff v. Brandon Smith — 42 USC § 1983 —
*Unconstitutional Search of Property*

  62. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Smith restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Huberts and City incorporate their prior answers to paragraphs 1 through 15.**

  63. As described more fully above, Defendants Brandon Smith and Dennis Huberts - Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, searched Plaintiff's property without reasonable or probable cause.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

  64. This unconstitutional search of Plaintiff's property was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

  65. As a result of this violation of Plaintiffs constitutional rights, Plaintiff suffered injuries and damages, including emotional distress.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

  66. As a result of this violation of Plaintiff's constitutional rights, Plaintiff suffered further damages in the nature of being arrested and prosecuted for a criminal charge.

**ANSWER: Defendant Smith denies the allegations of this paragraph. Defendants Huberts and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendant Huberts and City deny the allegations of this paragraph.**

### COUNT XIII —Plaintiff v. Dennis Huberts Jr. — 42 U5C § 1983 —*False Arrest*

67. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Huberts restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City incorporate their prior answers to paragraphs 1 through 15.**

68. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, falsely arrested Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

69. This false and unconstitutional arrest was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

70. As a result of this violation of Plaintiffs constitutional rights, Plaintiff suffered injuries and damages, both physical and emotional.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

### COUNT XIV —Plaintiff v. Dennis Huberts Jr. — 42 USC § 1983 — *False Imprisonment*

71. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Huberts restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City incorporate their prior answers to paragraphs 1 through 15.**

72. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, falsely imprisoned Plaintiff without reasonable or probable cause.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

73. This false and unconstitutional imprisonment was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

74. As a result of this violation of Plaintiffs constitutional rights, Plaintiff suffered injuries and damages, both physical and emotional.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

### COUNT XV —Plaintiff v. Dennis Huberts Jr. — 42 USC § 1983 — Malicious Prosecution

75. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XV of Plaintiff's Complaint. ECF 15.**

76. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the

scope of their employment as City of Chicago police officers, maliciously prosecuted Plaintiff without reasonable or probable cause.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XV of Plaintiff's Complaint. ECF 15.**

77. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, initiated criminal charges and/or continued prosecution of these charges without reasonable or probable cause.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XV of Plaintiff's Complaint. ECF 15.**

78. This false and unconstitutional malicious prosecution was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XV of Plaintiff's Complaint. ECF 15.**

79. As a result of this violation of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages, both physical and emotional.

**ANSWER: Defendants make no answer to this paragraph as they have filed a motion to dismiss Count XV of Plaintiff's Complaint. ECF 15.**

### COUNT XVI —Plaintiff v. Dennis Huberts Jr. — 42 USC § 1983 —
*Unconstitutional Search of Property*

80. Plaintiff restates and incorporates all allegations of Paragraphs One (1) through Fifteen (15) as though fully pled herein.

**ANSWER: Defendant Huberts restates and incorporates his answers to paragraphs 1 through 15 as his answer to this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City incorporate their prior answers to paragraphs 1 through 15.**

81. As described more fully above, Defendants Brandon Smith and Dennis Huberts Jr., individually and/or jointly and in conspiracy, as well as under color of law and within the scope of their employment as City of Chicago police officers, searched Plaintiffs property without reasonable or probable cause.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that**

**this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

82. This unconstitutional search of Plaintiff's property was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

83. As a result of this violation of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages, including emotional distress.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

84. As a result of this violation of Plaintiffs constitutional rights, Plaintiff suffered further damages in the nature of being arrested and prosecuted for a criminal charge.

**ANSWER: Defendant Huberts denies the allegations of this paragraph. Defendants Smith and City make no answer to this paragraph as it is not directed at them. To the extent that this paragraph is directed at them, Defendants Smith and City deny the allegations of this paragraph.**

## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely Chicago Police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable officer, objectively viewing the facts and circumstances then confronting Defendant Officers, could have believed his actions regarding his encounter with Plaintiff to be lawful, in light of clearly established law and the information that he possessed. Defendant Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

3. Defendants Huberts and Smith cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including, but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages, which includes but is not limited to his violation of 625 ILCS 5/11-1007. In addition, at the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recover entirely when a plaintiff is more than fifty (50%) of the proximate cause of the injury or damage for which recovery is sought.

5. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

6. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to Section 2-202 of the Tort Immunity Act. 745 ILCS 10/2-202. At all times relevant, Defendant Officers were employees of the City of Chicago, a local public entity, they were executing and enforcing the law at all relevant times, and their conduct was not willful and wanton. Therefore, Defendant Officers are immune from liability, and Plaintiff's causes of actions against Defendants must fail.

7. Pursuant to Section 2-204 of the Tort Immunity Act, a public employee, as such and acting within the scope of her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204. At all times relevant, Defendant Officers were employees of the City of Chicago, a local public entity, and therefore, Defendant Officers are immune from liability for any injury caused by the act or omission of another person. Therefore, any such claims by Plaintiff against Defendant Officers must fail.

8. Pursuant to Section 2-208 of the Tort Immunity Act, a public employee is not liable for injury caused by him instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208. At all times relevant, Defendant Officers were employees of the City of Chicago, a local public entity, their acts were not malicious or without probable cause, and therefore, Defendant Officers are immune from liability for claims of malicious prosecution. Therefore, any such claims by Plaintiff against Defendant Officers must fail.

9. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelk*e, 76 Ill.2d 154, 166; 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Bd.*, 267 Ill. App. 3d 160, 171; 642 N.E.2d 475, 485 (4th Dist. 1994).

10. Defendant Officers are absolutely immune from civil liability for their testimony given in judicial proceedings in Plaintiffs' underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

11. To the extent Plaintiffs assert a federal malicious prosecution claim, such a claim may not be cognizable. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001).

12. Defendants have moved to dismiss Count III, VI, XI, XV, malicious prosecution, for failure to state a claim. To prevail with a claim of malicious prosecution, a plaintiff must prove: 1) commencement of a legal proceeding against a plaintiff; 2) termination of the proceedings in favor of the plaintiff; 3) the absence of probable cause for the proceeding; 4) malice on the part of the party who initiated the proceeding; and 5) damages to the plaintiff. *Franklin v. Blackman,* No. 13-CV-470, 2014 WL 6685950 (N.D. Ill. Nov. 25, 2014), *citing Hurlbert v. Charles,* 938 N.E.2d 507, 513 (Ill.2010); *Williams v. City of Chicago,* 733 F.3d 749, 759 (7th Cir.2013). The failure "to satisfy any of these elements bars a plaintiff from pursuing a malicious prosecution claim." *Peters v. City of Palatine*, No. 16-CV-11703, 2019 WL 698105, at *4 (N.D. Ill. Feb. 20, 2019). In this case Plaintiff has failed to plead any acts of any Defendant to support each of the five required elements. In addition, Plaintiff has failed to plead facts which demonstrate that this case was terminated in the Plaintiff's favor in a manner indicative of innocence in light of the case law which states that a merely striking a case is not in and of itself indicative of innocence. *Franklin v. Blackman,* No. 13-CV-470, 2014 WL 6685950 (N.D. Ill. Nov. 25, 20, *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996), *McWilliams v. City of Chicago*, No. 14 C 3902, 2020 WL 1530747, at *9 (N.D. Ill. 2020), *see also Thompson v. City of Chicago*, 722 F.3d 963, 969 (7th Cir. 2013), *Rosado v. Mora*, No. 17 C 2210, 2019 WL 4450523, at *6 (N.D. Ill. Sept. 17, 2019). Similarly, Defendants moved to dismiss any malicious prosecution claim rooted in the Fourth Amendment because "there is no right of action for malicious prosecution based on the Fourth Amendment." *Id.* (citing *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) ("There is no such thing as a constitutional right not to be prosecuted without probable cause") (quotation omitted)); *see also Myers v. Bresnahan*, No. 18 C 8312, 2019 WL 2450489, at *2 (N.D. Ill. June 12, 2019). Additionally, there is similarly no federal malicious prosecution right of action based on the Due Process Clause. *See Lewis v. City of Chi.*, 914 F.3d 472, 475 (7th Cir. 2019) (citing *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918-19 (2017)). *See Watkins v. Vill. of Maywood*, No. 17 C 8750, 2018 WL 1898459, at *2-3 (N.D. Ill. Apr. 20, 2018) (noting Seventh Circuit has not recognized federal malicious prosecution claim.).

13. Defendants have moved to dismiss any conspiracy claims, both state and federal. Under Illinois law, to succeed in a claim of civil conspiracy, Plaintiff must establish "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Group, Inc*., 477 F.3d 502, 509 (7th Cir. 2007) (*citing McClure v. Owens Corning Fiberglas Corp*., 720 N.E.2d 242, 258 (1999)). "'The agreement is a necessary and important element of this cause of action.'" *Id*. (*quoting McClure 720 N.E. 2d at 258*). "'A defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy.'" *Id*. (*quoting Adcock v. Brakegate*, 645 N.E.2d 888, 894 (1994)). Plaintiff has failed to adequately plead any state law conspiracy. Similarly, Plaintiff has

18

failed to adequately plead any § 1983 conspiracy claim. A § 1983 conspiracy claim is dependent on a viable federal constitutional claim as "there is no independent cause of action for § 1983 conspiracy." *Katz – Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) (*citing Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000)). "To prevail on a conspiracy claim, 'the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights and (2) overt acts in furtherance actually deprived him of those rights.'" *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018) (*quoting Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015)). "Put differently, [plaintiff] must 'show an underlying constitutional violation' and 'demonstrate that the defendants agreed to inflict the constitutional harm.'" *Daugherty*, 906 F.3d at 612 (*quoting Hurt v. Wise*, 880 F.3d 831, 842 (7th Cir. 2018)). Plaintiff has failed to so plead.

## JURY DEMAND

Defendants request a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Michele McGee*
Assistant Corporation Counsel

Jennifer Bagby
Michele McGee
Michael Bradke
City of Chicago Department of Law
2 N. LaSalle Street
Suite 420
Chicago, Illinois 60602
(312) 744-8311
(312) 744-6566 (FAX)
Michele.mcgee@cityofchicago.org
Attorney No 622560

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| EURAL BLACK,   ) | |
| ) | Case No. 21 L 004806 |
| Plaintiff,   ) | |
| ) | |
| v.   ) | |
| ) | |
| BRANDON SMITH, Individually and as   ) | |
| Agent of the City of Chicago, Dennis   ) | |
| Huberts, Jr., Individually and as Agent of   ) | |
| The City of Chicago, and the City of Chicago,   ) | |
| ) | |
| Defendants.   ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Angela P. Kurtz
The Law Office of Bradley T. Cheskes
211 W. Wacker Drive. Ste. 500
Chicago, Illinois 60606
(312) 753-6060

    PLEASE TAKE NOTICE that on this 28th day of October 2021, I have caused to be e-filed via the electronic filing **DEFENDANT'S ANSWER TO PLAINTIFF EURAL BLACK'S COMPLAINT**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 28th day of October 2021.

    */s/ Michele McGee*
    Assistant Corporation Counsel

20